UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 15-255** |
| | * | |
| **ROBERT WARREN** | * | **SECTION "L"** |

### ORDER & REASONS

Pending before the Court is Petitioner Robert David Warren's Motion for Release to Home Confinement Under the CARES Act, R. Doc. 36. The government opposes the motion. R. Doc. 38. Having considered the parties' arguments and the applicable law, the Court now rules as follows.

### I.   BACKGROUND

On March 17, 2016, Robert Warren pleaded guilty to Counts One and Two of an Indictment charging him with assault and attempted robbery of mail matter in violation of 18 U.S.C. § 2114(a) and attempted robbery of mail matter in violation of 18 U.S.C. § 111(a)(1). On June 23, 2016, Mr. Warren was sentenced to 108 months in the custody of the Bureau of Prisons ("BOP"), to be followed by a three-year term of supervised release. R. Doc. 35. A $200 special assessment fee was also imposed. *Id*. at 5.

### II.   PENDING MOTION

In the instant motion, Mr. Warren seeks release to home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). R. Doc. 36. Specifically, he argues that he has requested home confinement from the warden of his facility on multiple occasions in light of the ongoing global pandemic, but that he has never received a response. *Id*.

1

at 1. In support of release to home confinement, Mr. Warren stresses that he is almost eighty-years old and has completed over half of his sentence. *Id.* at 2. Mr. Warren asks the Court to release him to a particular Veteran's Shelter or, alternatively, a half-way house in Fort Myers, Florida, operated by the Salvation Army. *Id.*

The government opposes the motion, stressing that this Court does not have the authority to direct the BOP to release a defendant to home confinement. R. Doc. 38.

## III. LAW & DISCUSSION

### A. Home Confinement

Mr. Warren's motion requests that the Court release him to home confinement for the remainder of his sentence. However, it is well-established that the BOP has sole authority to determine an inmate's placement, with consideration given to a district court's non-binding recommendation. *See* 18 U.S.C. § 3621(b) (the BOP "shall designate the place of the prisoner's imprisonment" and will consider the sentencing court's recommendation in determining the placement); *United States v. Voda*, 994 F.2d 149, 151 (5th Cir. 1993) (citing cases that conclude that a sentencing court "may recommend that a sentence imposed under section 3621 be served in a particular prison or jail," but "only the Bureau of Prisons has the actual authority to designate the place of incarceration"). Although Congress expanded the BOP's authority to transfer additional defendants to home confinement through the CARES Act, nothing in the CARES Act gave district courts authority over placement decisions. *See, e.g.*, *United States v. McCann*, No. CR 5:13-52, 2020 WL 1901089, at *3 (E.D. Ky. Apr. 17, 2020) (finding that "the Court has no authority under [the CARES Act] to order that a prisoner be placed on home confinement"); *United States v. Read-Forbes*, No. CR 12-20099-01-KHV, 2020 WL 1888856, at *5 (D. Kan. Apr. 16, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home

confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."); *United States v. Engleson*, No. 13-CR-340-3 (RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020) (recognizing that the "ultimate decision of whether to release an inmate to home confinement rests with the BOP"). This Court thus lacks the authority to order the BOP to transfer Warren to a home confinement placement.

### B. Motion for Compassionate Release

Because the Court is under an obligation to construe *pro se* pleadings such as this one liberally, "reading such submissions to raise the strongest arguments they suggest," *Harris v. Miller*, 818 F.3d 49, 56 (2d Cir. 2016); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court will also consider whether Mr. Warren is entitled to compassionate release under the CARES Act.

Although a court is generally prohibited from modifying an already-imposed term of imprisonment, 18 U.S.C. § 3582(c) allows a court to reduce a sentence if, after considering the applicable § 3553 factors, "extraordinary and compelling reasons exist" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The statute also imposes certain procedural requirements. Specifically, § 3582(c)(1)(A) allows an inmate to seek compassionate release from the district court provided he has first filed an internal request to the warden of his facility for a sentence reduction and either (1) "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to act on his behalf; or (2) waited thirty days from the warden's receipt of such a request. *Id*.

In sum, courts routinely consider three requirements when determining whether compassionate release is appropriate: (1) whether the defendant has exhausted administrative remedies; (2) whether extraordinary and compelling reasons exist; and (3) whether defendant

poses a danger to the safety of any other person or society. The defendant bears the burden of demonstrating that these elements are satisfied. *United States v. Davis*, No. CR 07-357, 2020 WL 2838588, at *2 (E.D. La. June 1, 2020). The Court considers each in turn.

Mr. Warren has submitted multiple requests to the warden of his facility seeking "quick home confinement" in light of the ongoing pandemic. R. Doc. 36 at 4–9. Although his requests all specifically reference his desire for home confinement, this Court had previously recognized, without deciding, that a request for home confinement may, in certain circumstances, be construed as a request for sentence modification. *See United States v. Ansari*, No. CR 07-337, 2020 WL 4284340, at *4 (E.D. La. July 27, 2020); *United States v. Murray*, No. CR 19-041, 2020 WL 4000858, at *4 (E.D. La. July 15, 2020), The Court need not decide the administrative exhaustion issue at this juncture, however, because even if Mr. Warren's requests do satisfy the exhaustion requirement, he has failed to articulate "extraordinary and compelling reasons" necessary to warrant compassionate release.

Where, as here, an inmate's motion is premised on the ongoing global outbreak of COVID-19, courts typically require an inmate to demonstrate "a particularized susceptibility to the disease" and "a particularized risk of contracting the disease at his prison facility." *James*, 2020 WL 3567835 (quoting *United States v. Feiling*, 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020) (collecting cases)). "General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13.23." *United States v. Clark*, No. CR 17-85-SDD-RLB, 2020 WL 1557397, at *5 (M.D. La. Apr. 1, 2020) (quoting *United States v. Eberhart*, No. 13-CR-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020)). Indeed, if general concerns about COVID-19 constituted extraordinary

4

and compelling reasons, all incarcerated individuals would qualify for compassionate release.

Here, Mr. Warren notes that he is almost eighty-years old and that he suffers from high blood pressure and hypertension, but concedes that he is otherwise in "fair condition." R. Doc. 36 at 2. These conditions alone, even in light of his advanced age, do not justify compassionate release. Notably, Mr. Warren has not attached any medical records to corroborate his diagnosis nor introduced any evidence to suggest that the BOP is unable to treat his condition while incarcerated. Without more, the Court is unable to conclude that Mr. Warren has set forth any extraordinary or compelling reasons to justify his release at this time.

## IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Mr. Warren's Motion for Release to Home Confinement Under the CARES Act, R. Doc. 36, is **DENIED**.

New Orleans, Louisiana this 21st day of August 2020.

_____
Eldon E. Fallon
United States District Court